IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CORTEZ LAMONS LOCKETT                                                                          PLAINTIFF

v.                                              Civil No. 4:18-cv-4007

SGT. CHANCE PATTERSON;
CPL. BENJAMIN SMITH; and
OFFICER JACOB WHITESIDE, et al.                                                              DEFENDANTS

### ORDER

The instant matter is a civil rights action filed by Plaintiff Cortez Lamons Lockett, pursuant to 42 U.S.C. § 1983.  Before the Court are two motions to dismiss filed by Defendants.  (ECF No. 13, 18).

Plaintiff filed his Complaint on January 10, 2018, proceeding *pro se* and *in forma pauperis*.  (ECF No. 1).  Plaintiff's Complaint asserts that his constitutional rights were violated when he was incarcerated in the Miller County Jail.  The Court will address each of the motions to dismiss in turn.

### I. FIRST MOTION TO DISMISS

Separate Defendant Sgt. Chance Patterson ("Sgt. Patterson") filed the first Motion to Dismiss on February 14, 2018.  (ECF No. 13).  The first Motion to Dismiss was based on Plaintiff's failure to include Sgt. Patterson in any of his factual allegations in the Complaint.  On February 14, 2018, the Court entered a text-only order directing Plaintiff to respond to the first Motion to Dismiss by March 7, 2018.  (ECF No. 16).  Plaintiff was advised "that failure to timely and properly comply with this Order shall result in the dismissal of this action, without prejudice, pursuant to Local Rule 5.5(c)(2)."  As of the date of this Order, Plaintiff has not responded to the first Motion to Dismiss or attempted to allege any facts connecting Sgt. Patterson to the alleged constitutional violations.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The Local Rules state in relevant part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to comply with a Court order directing him to respond to the first Motion to Dismiss. Plaintiff has failed to prosecute this matter. Accordingly, the Court finds that the first Motion to Dismiss, filed by Sgt. Patterson, should be granted. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's claims against Sgt. Patterson should be dismissed without prejudice.

## II. SECOND MOTION TO DISMISS

A second Motion to Dismiss was filed on behalf of all Defendants[1] on March 14, 2018. (ECF No. 18). The second Motion to Dismiss cites Federal Rule of Civil Procedure 41(b) and asserts that Plaintiff failed to respond to the Court's text-only order concerning the first Motion to Dismiss (ECF No. 16). The second Motion to Dismiss also argues that Plaintiff has failed to prosecute this action.

---

[1] The second Motion to Dismiss seeks to dismiss Plaintiff's claims against all Defendants in this case, including Sgt. Patterson. In light of the Court's above ruling that it will grant the first Motion to Dismiss and dismiss Plaintiff's claims against Sgt. Patterson, the Court will not consider the second Motion to Dismiss to the extent that it seeks dismissal of Plaintiff's claims against Sgt. Patterson.

2

The Court directed Plaintiff to respond to the second Motion to Dismiss by April 5, 2018. (ECF No. 20).

Plaintiff prepared a Response to the second Motion to Dismiss, dated March 30, 2018, in which he indicates that he wishes to continue pursuing the case. (ECF No. 21). Plaintiff mailed the Response to Defense counsel, rather than filing it with the Court. Defense counsel received the Response on April 5, 2018, and forwarded the Response to the Court. The Court received the forwarded Response on April 11, 2018, and filed it on the record that day. Under the prison mailbox rule, the Court will deem Plaintiff's Response timely if it was placed in the prison mail system by the deadline for filing. *Bunch v. Riley*, No. 5:06-cv-5220-JLH, 2008 WL 4278174, at *1 (W.D. Ark. Sept. 18, 2008). As stated above, Plaintiff's Response is dated March 30, 2018. Accordingly, Plaintiff's Response to the second Motion to Dismiss was timely filed and, in light of the fact that Plaintiff indicates that he wishes to continue prosecuting this case, the Court finds no grounds upon which to dismiss all of Plaintiff's claims for failure to prosecute. Accordingly, the Court finds that the second Motion to Dismiss should be denied.

### III. CONCLUSION

For the reasons discussed above, the Court finds that Separate Defendant Sgt. Chance Patterson's Motion to Dismiss (ECF No. 13) should be is hereby **GRANTED** and **all claims against Patterson are dismissed without prejudice**. The Court finds further that the Motion to Dismiss (ECF No. 18) filed by Defendants should be and hereby is **DENIED**.

**IT IS SO ORDERED**, this 27th day of April, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge