# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## TEXARKANA DIVISION

CORTEZ LAMONS LOCKETT                                                    PLAINTIFF

v.                              Civil No. 4:18-cv-4007

NURSE STEVEN KING, *et al.*                                             DEFENDANTS

## MEMORANDUM OPINION AND ORDER

Before the Court is Separate Defendant Nurse Steven King's ("Nurse King") Motion for Summary Judgment. (ECF No. 26). Plaintiff Cortez Lamons Lockett has not responded to the motion, and his time to do so has passed. The Court finds the matter ripe for consideration.

### I. BACKGROUND

This is a civil rights action filed by Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Plaintiff is incarcerated in the Miller County Detention Center. He has asserted two claims. (ECF No. 1). Plaintiff's first claim is not asserted against Nurse King and, thus, is not at issue in this memorandum opinion. (ECF No. 7, at 4). Plaintiff's second claim asserts deliberate indifference, alleging that Nurse King failed to treat his syphilis on December 20, 2017, and in the weeks thereafter.[1] (ECF No. 7, at 5).

Plaintiff was booked into the Miller County Detention Center on October 17, 2017. (ECF No. 27, at 1). On or about December 20, 2017, Nurse King was contacted by the Miller County, Arkansas, Health Department (the "Health Department"). (ECF No. 28-1, at 1-2). The Health Department advised Nurse King that Plaintiff had been listed as a sexual contact of a person with known syphilis. The Health Department told Nurse King that it wanted to bring Plaintiff in for an interview and testing. Nurse King then informed Plaintiff that he had been contacted by the Health

---

[1] Plaintiff's Complaint was filed on January 10, 2018.

Department and informed Plaintiff of the reason for the contact. (ECF No. 28-1, at 1-2).

Subsequently, Nurse King attempted to contact the Health Department several times to find out what day the Health Department wanted to see Plaintiff. However, Nurse King had a difficult time reaching anyone. (ECF No. 28-1, at 2). Plaintiff submitted a medical request on January 4, 2018, asking for treatment for syphilis. (ECF No. 28-2, at 2). In the medical request, Plaintiff stated that he had been having bad headaches. Nurse King responded to the medical request on January 4, 2018, stating that a diagnosis of syphilis had not yet been confirmed. Plaintiff was advised to resubmit a request to be seen for headaches if he wished to be seen for that complaint. (ECF No. 28-2, at 2).

Plaintiff was scheduled to be seen at the Health Department on January 8, 2018. (ECF No. 28-1, at 2). For security reasons, inmates are not informed of outside appointment dates and times. (ECF No. 28-1, at 2). On January 8, 2018, Plaintiff was transported to the Health Department for syphilis screening and testing. (ECF No. 28-1, at 2).

On January 10, 2018, Plaintiff initiated this suit by filing a verified Complaint, stating that on December 20, 2017, he was informed that he had syphilis. (ECF No. 1, at 5). Plaintiff also states that on December 20, 2017, he was advised that he would be treated "next week." Finally, Plaintiff's verified Complaint states that he had been showing symptoms including bad headaches and "sores on my [genitals]." (ECF No. 1, at 5).

On January 17, 2018, the Health Department contacted Nurse King to inform him that Plaintiff tested positive for syphilis. (ECF No. 28-1, at 2). Plaintiff was then scheduled for a follow-up appointment on January 18, 2018, to discuss treatment at the Health Department. Plaintiff was transported to the Health Department for treatment as scheduled on January 18, 2018. (ECF No. 28-1, at 2).

On October 11, 2018, Nurse King filed the instant Motion for Summary Judgment. (ECF No. 26). On October 15, 2018, the Court entered an order directing Plaintiff to file a response to

the instant motion by November 5, 2018. (ECF No. 29). Plaintiff was advised that failure to comply with the order would result in: (a) all the facts set forth by Separate Defendant King in the summary judgment papers being deemed admitted, pursuant to Local Rule 56.1(c); and/or (b) dismissal of this case without prejudice, pursuant to Local Rule 5.5(c)(2). The Court's order was not returned as undeliverable. To date, Plaintiff has not filed a response to the Motion for Summary Judgment, nor has he requested an extension of time to respond.[2]

## II. LEGAL STANDARD

Summary judgment is appropriate if, after viewing the facts and all reasonable inferences in the light most favorable to the nonmoving party, the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Once a party moving for summary judgment has made a sufficient showing, the burden rests with the non-moving party to set forth specific facts, by affidavit or other evidence, showing that a genuine issue of material fact exists." *Nat'l Bank of Comm. v. Dow Chem. Co.*, 165 F.3d 602, 607 (8th Cir. 1999).

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. "They must show there is sufficient evidence to support a jury verdict in their favor." *Nat'l Bank*, 165 F.3d at 607 (citing *Anderson*

---

[2] Accordingly, Plaintiff has failed to comply with the Court's order requiring him to file his summary judgment response by November 5, 2018. The Court notes that Plaintiff filed a verified complaint at the onset of this suit. *Roberson v. Hayti Police Dep't.*, 241 F.3d 992, 994-95 (8th Cir. 2001) (stating that "a complaint signed and dated as true under penalty of perjury satisfies the requirements of a verified complaint"). Thus, the Court must consider the facts set forth in Plaintiff's verified complaint in ruling on the instant summary judgment motion because a verified complaint is the equivalent of an affidavit for summary judgment purposes. *See id.* "Although a party may not generally rest on his pleadings to create a fact issue sufficient to survive summary judgment, the facts alleged in a verified complaint need not be repeated in a responsive affidavit to survive the summary judgment motion." *Id.* Thus, the Court will "piece [] together [Plaintiff's] version of the facts from the verified complaint. Those portions of [Nurse King's] . . . statement of material facts that do not conflict with [Plaintiff's verified complaint] are deemed admitted." *McClanahan v. Young*, No. 4:13-cv-4140, 2016 WL 520983 (D.S.D. Feb. 5, 2016).

3

*v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). "A case founded on speculation or suspicion is insufficient to survive a motion for summary judgment." *Id*. (citing *Metge v. Baehler*, 762 F.2d 621, 625 (8th Cir. 1985)). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

### III. DISCUSSION

Nurse King contends that he is entitled to summary judgment with respect to Plaintiff's claims that he was deliberately indifferent to Plaintiff's serious medical needs. Plaintiff asserts this claim against Nurse King in both his individual and official capacities. The Court will separately address Plaintiff's individual and official capacity claims against Nurse King.

#### A. Individual Capacity

The Eighth Amendment prohibition of cruel and unusual punishment prohibits deliberate indifference to the serious medical needs of prisoners. *Luckert v. Dodge Cnty.*, 684 F.3d 808, 817 (8th Cir. 2012). To prevail on his Eighth Amendment claim, Plaintiff must prove that Nurse King acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). The deliberate indifference standard includes "both an objective and a subjective component: 'The [Plaintiff] must demonstrate (1) that [he] suffered [from] objectively serious medical needs and (2) that the prison officials actually knew of but deliberately disregarded those needs.'" *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (quoting *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997)).

To show he suffered from an objectively serious medical need, Plaintiff must show he "has been diagnosed by a physician as requiring treatment" or has an injury "that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011) (internal quotations and citations omitted). Intentionally

4

denying or delaying access to medical care may constitute deliberate indifference. *See Estelle*, 429 U.S. at 104-05; *Dulany*, 132 F.3d at 1239. "When the inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, the objective seriousness of the deprivation should also be measured 'by reference to the effect of delay in treatment." *Laughlin v. Schriro*, 430 F.3d 927, 929 (8th Cir. 2005) (internal quotation marks omitted). "To establish this effect, the inmate 'must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment.'" *Id.* (quoting *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997)).

To establish the subjective prong of deliberate indifference, "the prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not give rise to the level of a constitutional violation. Deliberate indifference is akin to criminal recklessness, which demands more than negligent misconduct." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008) (internal quotation marks and citations omitted). A plaintiff must show that an official "actually knew of but deliberately disregarded his serious medical need." *Gordon v. Frank*, 454 F.3d 858, 862 (8th Cir. 2006). Whether an inmate's condition is a serious medical need and whether an official was deliberately indifferent to the inmate's serious medical need are questions of fact. *Schaub*, 638 F.3d at 914 (citing *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997)).

In this case, Plaintiff has failed to set forth a valid claim against Nurse King for deliberant indifference. Plaintiff filed this case on January 10, 2018, alleging that Nurse King failed to provide adequate medical treatment for his syphilis since December 20, 2017. However, the record demonstrates that Plaintiff's syphilis was not confirmed until January 17, 2018. Accordingly, the Court finds that Plaintiff has not provided evidence demonstrating that Nurse King knew of and deliberately disregarded Plaintiff's serious medical needs from December 20, 2017, through January 10, 2018. Moreover, Plaintiff has presented no verifying medical evidence to support any

claim that a delay in treatment caused a detrimental effect.

Accordingly, the Court finds that Nurse King is entitled to summary judgement with respect to Plaintiff's deliberate indifference claim against him in his individual capacity.

**B. Official Capacity**

Plaintiff also proceeds against Nurse King in his official capacity.

When a government contracts with a third party to fulfill a constitutional duty—such as providing medical care—official capacity claims against the third party's employees are treated as claims against the third party itself. *See Cannady v. Cradduck*, No. 5:16-cv-5039-TLB, 2016 WL 4432704, *1-2 (W.D. Ark. Aug. 18, 2016) (finding that official capacity claims against employees of a third party medical provider are treated as claims against the provider because the county contracted with the provider to furnish healthcare to county prisoners). Thus, Plaintiff's official capacity claim against Nurse King is essentially a claim against Nurse King's employer, Southern Health Partners, Inc.

To sustain an official capacity claim against that entity, Plaintiff "must show that there was a policy, custom, or official action that inflicted an actionable injury." *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006) (discussing a section 1983 claim against a prison medical provider); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975-76 (8th Cir. 1993) ("[A] corporation acting under color of state law will only be held liable under section 1983 for its own unconstitutional policies."). Thus, Plaintiff's official capacity claim against Nurse King is "functionally equivalent" to alleging that his employer, Southern Health Partners, Inc., had "a policy, custom, or [took an] official action" that deprived him of constitutionally adequate medical care. *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1275 (8th Cir. 2010); *Johnson*, 452 F.3d at 973.

Plaintiff has failed to allege facts or provide evidence of any policy, custom, or practice of Southern Health Partners, Inc. that contributed to the alleged violation of his constitutional rights.

6

Accordingly, the Court finds that Nurse King is entitled to summary judgment on Plaintiff's deliberate indifference claim against him in his official capacity.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that Separate Defendant Nurse King's Motion for Summary Judgment (ECF No. 26) should be and hereby is **GRANTED**.  Accordingly, all of Plaintiff's claims against Separate Defendant Nurse King are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**, this 17th day of December, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge