IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CORTEZ LAMONS LOCKETT                                                                       PLAINTIFF

vs.                                          Case No. 4:18-cv-4007

CPL. BENJAMIN SMITH and
OFFICER JACOB WHITESIDE                                                                   DEFENDANTS

**ORDER**

  Before the Court is Plaintiff Cortez Lamons Lockett's failure to obey a Court order and failure to prosecute this case. Plaintiff proceeds *pro se* pursuant to 42 U.S.C. § 1983. On January 10, 2018, Plaintiff filed his complaint and application to proceed i*n forma pauperis* ("IFP"). (ECF Nos. 1, 2).

  That same day, the Court entered an order granting Plaintiff's motion for IFP. (ECF No. 3). The order advised Plaintiff that "he is required to immediately inform the Court of any change of address. If Plaintiff is transferred to another jail or prison or released, he shall have 30 days from the date of transfer or release in which to notify the Court of his new address." (ECF No. 3). The order also stated that, "[f]ailure to inform the Court of an address change shall result in the dismissal of this case." (ECF No. 3). That order was not returned as undeliverable.

  On June 21, 2019, mail sent from the Court to Plaintiff was returned marked "Return to Sender Not Deliverable as Addressed Unable to Forward." (ECF No. 33). Additional mail was returned to the Court on July 11, 2019, and July 16, 2019, marked "Return to Sender No Longer at this Address." (ECF No. 36, 37). As of the date of this order, Plaintiff has not provided an updated address to the Court.

  Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).

The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

Plaintiff has failed to obey an order of the Court and has failed to prosecute this matter. Pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's complaint (ECF No. 1) should be and hereby is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 31st day of July, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge